10588 .

### WEST v. SOVEREIGN CAMP, W. O. W.

(106 S. E. 479)

INSURANCE—KNOWLEDGE THAT INSURED WAS WORKING ON TRAIN NOT BASIS OF WAIVER OR ESTOPPEL.—Where the laws of a fraternal beneficiary association specified certain occupations, including that of brakeman on a railway freight train, as hazardous occupations, for which additional dues were required, which one becoming a brakeman never paid, waiver or estoppel could not be predicated on the knowledge of officials of the local camp that he was "working on a train;" that not being specified as a hazardous occupation.

Before SEASE, J., Spartanburg, May term, 1920. Affirmed.

Action by Frances West against Sovereign Camp, Woodmen of the World. From a directed verdict for defendant the plaintiff appeals. ·

*Messrs. H. E. DePass and J. Hertz Brown,* for appellant, cite: *Local clerk was agent of Sovereign Camp*: 1 Civ. Code 1912, Sec. 2770; 102 S. C. 393; 107 S. C. 291; 206 S. W. 971 (Tex.) *Sovereign Camp estopped by conduct of its agent*: 102 S. C. 393; 206 S. W. 973 (Tex.)

*Messrs. Bomar & Osborne,* for respondent, cite: 95 S. C. 66; 102 S. C. 392 *not applicable. No waiver by Sovereign Camp*: 102 S. C. 415; 107 S. C. 299; 117 Fed. 369; 183 U. S. 308; 46 L. Ed. 313; 97 S. W. 673 (Ark.) 141 S. W. 1055 (Tex.;) 202 S. W. 698 (Tex.;) 167 S. W. 587 (Mo.;) 188 S. W. 941 (Tenn.;) Estoppel: 40 Cyc. 2567.

March 16, 1921.

The opinion of the Court was delivered by Mr. Justice Fraser.

The appellant in her argument in this case thus states her cause:

"This action was commenced by the service of summons and complaint on June 2, 1919, and was heard before Hon. T. S. Sease and a jury at the May, 1920, term of the Court of Common Pleas for Spartanburg County. The action was brought on a beneficiary certificate of insurance issued by the defendant, which was a fraternal beneficiary association, on the life of John Claud West, in which Frances West, his wife, the plaintiff, was named as beneficiary. The amount of the certificate was $1,000, and the certificate also provided for the payment of $100 for the erection of a monument to the memory of the insured. The certificate was issued subject to the terms of the constitution and by-laws of the defendant.

"The answer admitted the insurance and the death of the insured, but alleged that his certificate was void because, at the time of his death, the insured was not in good standing as a member of the defendant order, in that he had entered a hazardous occupation without giving, within 30 days thereafter, the required notice of change of employment to the clerk of the local camp of which he was a member and without paying to the said local clerk the sum of 30 cents per month in addition to the regular payment under his certificate, all of which, the answer alleges, is provided in the laws of the defendant order. The defendant then denies liability for both the amount of the insurance and the monument fund.

"At the trial it was shown that insured had been a conductor on an electric street railway in Charleston for six years prior to January, 1918, and that this employment was known to the clerk of the local camp. It was shown also that insur-

ed became a brakeman on a Southern Railway freight train in January, 1918, and that while so employed he was killed in a railroad accident on September 24, 1918; that in June or July, 1918, three or four months before his death, insured told the clerk of his local camp that he was 'working on a train,' but the clerk could not remember whether insured had stated that his new employment was as a brakeman or as a flagman and whether on a freight or a passenger train.

"Insured had always been particular about paying his dues, had frequently paid them in advance, and had paid them for September, the month of his death; but neither during the six years of his employment on a street railway nor during the nine months of his employment on a steam railway had he ever paid any additional hazardous occupation dues. Neither had the local clerk, during any of this time, ever called on him for additional dues on account of his hazardous employment.

"The laws of the defendant order class the following among so-called hazardous occupations: 'Conductor or brakeman on railway freight trains, baggageman, locomotive engineer, locomotive fireman, expressman, switchman, hostler or other similar railway and steamship employees (excepting agents, office men and those engaged in employment not more hazardous.)'

"At the close of all the testimony defendant moved for a directed verdict upon the grounds set out in the case, the substance of the grounds being (a) that insured was not in good standing at the time of his death and his certificate void because he had engaged in a hazardous occupation without giving the required notice within thirty days thereafter and without making the required additional monthly payments; (b) that there was no evidence of waiver of the forfeiture thus brought about; and (c) that there was no evidence sufficient to estop defendant from relying on the forfeiture.

"'The motion was granted, and a verdict was directed substantially on the grounds' (a) that the members of the local camp cannot waive any rights of the headquarters; and (b) that the superior officers of this insurance company did not know of insured's entering a hazardous occupation.

"Plaintiff's exceptions charge error in directing a verdict, the substance of the exceptions being that there was (a) error in holding that there was no evidence of waiver to be submitted to the jury, whereas it was shown that the local clerk knew of insured's employment and continued to collect his regular dues after such knowledge without protest up to his death; (b) error in holding that the insurance was forfeited because the superior officers of the defendant did not know of deceased's hazardous employment, whereas, it is submitted the knowledge of the local clerk, as the agent of the Sovereign Camp, was the knowledge of the Soverign Camp; and (c) error in failing to submit the question of estoppel to the jury, whereas, it is submitted, the Sovereign Camp was estopped from denying liability on the ground of the failure of its agent, the local clerk, to perform his duties required by the laws of the order."

It thus appears that the record shows that the company itself had no knowledge of the extra hazard; that all that the local officers knew was that the deceased was "working on a train." Merely "working on a train" is not rated in the policy as an extra hazard, for which an extra premium was required. The extra hazardous employments are specified, and working on a train is not one of the specifications. There was no basis, therefore, for waiver or estoppel. There was no error in directing a verdict.

The judgment is affirmed.